CLD-244                                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4536
_____

ALFREDO MESTRE, JR.,
Appellant

v.

MR. DOMBROWSKI;
MS. KRISTEN REISINGER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-12-cv-00276)
Magistrate Judge:  Honorable Susan Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 1, 2014

Before: FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: May 7, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Alfredo Mestre, Jr. appeals the order of the District Court

dismissing his complaint for failure to state a claim upon which relief can be granted,

pursuant to Federal Rule of Civil Procedure 12(b)(6).  We have jurisdiction under 28

U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). For the reasons set forth below, we will summarily affirm the District Court's judgment.

Mestre initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983. He named two defendants, both employees of the Pennsylvania Department of Corrections at SCI-Forest: Mr. Bill Dombrowski, Unit Manager, and Ms. Kristen Reisinger, Hearing Examiner. Mestre asserted that the defendants violated his Fourteenth Amendment due process rights in connection with a misconduct violation he incurred. Mestre was on the food service line in the prison kitchen when he took a sandwich out of a kosher bag and put it in his pocket. Before exiting the line, he was ordered to empty his pockets and consequently produced the sandwich. After a failed attempt at informal resolution with Dombrowski, and a formal hearing conducted by Reisinger, Mestre was found guilty of taking unauthorized food from the prison kitchen. As a result, he lost his prison job and received 30 days of cell restriction.

Mestre exhausted his administrative appeals, then filed his complaint in the district court. The parties consented to jurisdiction by a magistrate judge, pursuant to 28 U.S.C. § 636(c)(1). The Magistrate Judge granted the defendants' motion to dismiss, and Mestre filed a timely notice of appeal to this Court.

Mestre asserts that the defendants violated his Fourteenth Amendment due process rights because (1) Dombrowski called Reisinger to discuss the case before the hearing

commenced, potentially jeopardizing her impartiality; and (2) the finding of guilt goes against the weight of the evidence.  His arguments lack merit.

Mestre claims that Dombrowski's pre-hearing communication with Reisinger violated his federal due process rights.  But federal due process requirements are triggered only when a constitutionally protected liberty or property interest is at stake. See Meachum v. Fano, 427 U.S. 215, 223-25 (1976).  Here, there is no such interest. Mestre had no constitutionally protected interest in his prison job.  See James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989).  Nor did his 30-day cell restriction constitute the "atypical and significant hardship" required to invoke Fourteenth Amendment due process rights in the corrections context.  See Sandin v. Connor, 515 U.S. 472, 484-86 (1995).  In the absence of a constitutionally protected interest, there is no right to federal due process and the constitutional analysis ends.  See Burns v. Pa. Dep't of Corr., 642 F.3d 163, 171 (3d Cir. 2011) ("[I]nmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest.").

Mestre's claim that the misconduct goes against the weight of the evidence is also unavailing.  Even where a constitutionally protected interest is at stake — which again is not true here — federal courts are reluctant to review a prison disciplinary board's findings.  See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985) (noting the Court's disinclination to "imply that a disciplinary board's factual findings or decisions with respect to appropriate punishment are subject to second-

3

guessing upon review"). Our standard of review regarding disciplinary board decisions is thus highly deferential: "[T]he relevant question is whether there is <u>any</u> evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id.</u> at 455-56 (emphasis added). Here, Mestre admits he took food that was in the kitchen and put it in his pocket, and concedes he was not authorized to do so. This constitutes at least some evidence that he is guilty of Pennsylvania Department of Corrections misconduct violation #48: "Taking unauthorized food from the dining room or kitchen."[1]

Because Mestre's claims are meritless, we will summarily affirm the District Court's order dismissing his complaint. <u>See</u> 3d Cir. L.A.R. 27.4 and I.O.P. 10.6. Mestre's motions for appointment of counsel are denied.

---

[1] Commonwealth of Pennsylvania Department of Corrections, DC-ADM 801, Inmate Discipline Procedures Manual, Attachment 1-A. The manual further states that "[a]ny attempt to commit any of the above listed charges shall constitute a misconduct of the same classification as the completed act." <u>Id.</u>